# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

ESURANCE INSURANCE COMPANY,

    **Plaintiff,**

    v.

CHRISTY STREETER, et al.,

    **Defendants.**

Case No. 2:19-CV-2065-JAR-JPO

## DEFAULT JUDGMENT

This matter is before the Court on Plaintiff's Motion for Default Judgment (Doc. 22) pursuant to Fed. R. Civ. P. 55(b)(2). Plaintiff Esurance Insurance Company ("Esurance") filed this action for declaratory judgment on February 8, 2019[1] against Defendants Christy Streeter and Justin Streeter (the "Streeters") and Michael Dexter, and subsequently filed its Second Amended Complaint on March 1, 2019.[2] Defendants have not responded to the Second Amended Complaint or to Esurance's motion for entry of default judgment. As explained below, the Court **grants** Esurance's motion for default judgment.

**I.    Background**

Esurance seeks declaratory judgment that its homeowners policy issued to Defendants Christy Streeter and Justin Streeter—Policy No. HPKS010881857 (the "Policy")—which insures the property located at 12072 S.W. Mockingbird, Rd., Andover, Kansas 67002, does not afford coverage to the Streeters for damages sought in the lawsuit filed by Defendant Michael Dexter (the "Underlying Lawsuit") and has no obligation to pay the damages sought by Defendant

---

[1] Doc. 1.

[2] Doc. 12.

Dexter in his Underlying Lawsuit.[3] Esurance further asks for declaratory judgment that, under the Policy, it does not owe a duty to defend the Streeters in the Underlying Lawsuit. The Underlying Lawsuit alleges wrongful death, negligence per se, premises liability, and breach of fiduciary responsibility against the Streeters arising from the suicide death of a minor child[4] residing at the insured premises and under the care of the Streeters. The Streeters made a claim to Esurance under the Policy for defense and indemnification for damages sought by Dexter in the Underlying Lawsuit, and Esurance defended the Streeters in the Underlying Lawsuit under a Reservation of Rights.

The Policy contains the following provisions that are applicable to all claims submitted under the policy. Under Coverage X, the Family Liability Protection, Esurance "will pay damages which an **'insured person'** becomes legally obligated to pay because of **'bodily injury'** or **'property damage'** arising from an **'occurrence'** to which this policy applies and is covered by this part of the policy."[5] Under "Losses We Do Not Cover Under Coverage X" of the Policy, Esurance will "not cover any **'bodily injury'** or **'property damage'** intended by, or which may reasonably be expected to result from the intentional or criminal acts or omissions of, any **'insured person'**."[6] Under the Policy, "**'Occurrence'** – means an accident, including continuous or repeated exposure to substantially the same general harmful conditions during the

---

[3] Dexter's lawsuit, pending in the District Court of Butler County, Kansas, is captioned: *Michael Dexter, Individually and as Natural Heir of A.D., Deceased v. Christy Streeter and Justin Streeter*, Case No. 2018-CV-00109.

[4] The minor child is Christy Streeter and Michael Dexter's son. Doc. 12 ¶7.

[5] *Id.* ¶17.

[6] *Id.*

policy period, resulting in **'bodily injury'** or **'property damage'**."[7] The Policy's definition of an **'insured person'** includes a resident of the household who is a relative of the homeowners.[8]

Esurance filed its Complaint on February 8, 2019[9] and its First Amended Complaint on February 11, 2019.[10] The Court granted Esurance's Motion for Leave to File a Second Amended Complaint,[11] and Esurance filed its Second Amended Complaint on March 1, 2019.[12] Defendants Christy Streeter and Justin Streeter were properly served with process on March 3, 2019.[13] Pursuant to Fed. R. Civ. P. 12(a)(1)(A)(i), Defendants Christy Streeter's and Justin Streeter's responsive pleadings were due on or before March 25, 2019. No responsive pleadings were filed. Defendant Dexter was properly served with process on March 22, 2019.[14] Pursuant to Fed. R. Civ. P. 12(a)(1)(A)(i), Defendant Dexter's responsive pleading was due on or before April 12, 2019. No responsive pleadings were filed. On June 12, 2019, the Clerk entered default against Defendants pursuant to Fed. R. Civ. P. 55(a).[15]

## II. Discussion

"Before it may enter default judgment, the Court has an affirmative duty to determine whether it has subject matter jurisdiction."[16] "The Declaratory Judgment Act states in part that 'in a case of actual controversy,' the Court 'may declare the rights and other legal relations of

---

[7] *Id.*

[8] *Id.*

[9] Doc. 1.

[10] Doc. 2.

[11] Doc. 11.

[12] Doc. 12.

[13] Docs. 13, 14.

[14] Doc. 15.

[15] Doc. 19.

[16] *Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982).

any interested party seeking such declaration, whether or not further relief is or could be sought.'"[17] Esurance contends that its insurance policy does not cover damages arising out of the suicide death of a minor child residing at the insured premises. Thus, a live controversy exists between the parties, and the Court retains subject matter jurisdiction over this case.

A court must also determine that the plaintiff made a *prima facie* showing of the court's personal jurisdiction over the defaulting party.[18] The uncontroverted record reflects that all Defendants are Kansas residents and were properly served. Therefore, the Court has personal jurisdiction over each of the three defaulting Defendants.

As the Court has subject matter and personal jurisdiction over the case, the Court turns to whether Esurance is entitled to default judgment pursuant to Fed. R. Civ. P. 55(b). Following entry of default, Fed. R. Civ. P. 55(b)(2) allows the court to enter default judgment. Under federal law, once default is entered, the defendant is not entitled to defend itself on the merits.[19] Default judgment only establishes liability; it does not establish the amount of damages.[20] The court accepts as true the well-pleaded factual allegations from plaintiff's complaint but not the factual allegations regarding the amount of damages.[21] Rather, "[d]amages may be awarded only if the record adequately reflects the basis for [the] award via a hearing or a demonstration by

---

[17] *Great Lakes Reinsurance (UK), PLC v. Hayden*, No. 12-1472-KHV, 2013 WL 2177891, at *1 (D. Kan. May 20, 2013) (quoting 28 U.S.C. § 2201(a)).

[18] *See Williams v. Life Sav. & Loan*, 802 F.2d 1200, 1202 (10th Cir. 1986).

[19] *Olcott v. Del. Flood Co.*, 327 F.3d 1115, 1125 & n.11 (10th Cir. 2003) (citing *Jackson v. FIE Corp.*, 302 F.3d 515, 524 (5th Cir. 2002)) (other citations omitted), *cert. denied*, 540 U.S. 1089 (2003).

[20] *See, e.g.*, *Hermeris, Inc. v. McBrien*, No. 10-2483-JAR, 2012 WL 1091581, at *1 (D. Kan. Mar. 30, 2012); *DeMarsh v. Tornado Innovations, L.P.*, No. 08-2588-JWL, 2009 WL 3720180, at *2 (D. Kan. Nov. 4, 2009).

[21] *See, e.g.*, *Kalinich v. Grindlay*, No. 14-1120-SAC, 2014 WL 3740439, at *1 (D. Kan. July 30, 2014) (citing *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990); *Beck v. Atl. Contracting Co.*, 157 F.R.D. 61, 64 (D. Kan. 1994) (citation omitted), *superseded by statute on other grounds as recognized by Cessna Fin. Corp. v. VYWB, LLC*, 982 F. Supp. 2d 1226, 1233 (D. Kan. 2013)).

detailed affidavits establishing the necessary facts."[22] The Clerk entered default on June 13, 2019,[23] and Esurance seeks declaratory relief against Defendants rather than actual damages. Accordingly, the Court can enter declaratory relief against Defendants without a hearing.[24]

Additionally, default judgment may only be entered against defendants whom the court determines are not minors or incompetent persons.[25] As there is no evidence in the record that Defendants are minors or incompetent, the Court may enter default judgment against them.

Taking Esurance's well-pleaded allegations as true given Defendants' failure to respond to the Second Amended Complaint or the instant motion in a timely manner, the Court finds that an entry of default judgment against Defendants is appropriate under Fed. R. Civ. P. 55(b). Specifically, Esurance alleges that "[o]n or about April 9, 2018, while [the minor child] was residing with Justin and Christy Streeter at 12072 SW Mockingbird Rd., Andover, Kansas 67002, he committed suicide by shooting himself with a .223 caliber AR-15 which he had located under the bed of his mother and stepfather."[26] Esurance alleges that the Policy covers "occurrences," which are defined as an "accident . . . resulting in **'bodily injury'** or **'property damage**,'" and not "**'bodily injury'** or **'property damage'** [that reasonably results from] the intentional or criminal acts or omissions of, any **'insured person'**."[27] Accordingly, the Policy does not cover damages resulting from the suicide of the minor child—an "insured person" under the Policy—as suicide is an intentional act that does not fit within the Policy's definition of an

---

[22] *Mathiason v. Aquinas Home Health Care, Inc.*, 187 F. Supp. 3d 1269, 1275 (D. Kan. 2016) (quoting *DeMarsh*, 2009 WL 3720180, at *2).

[23] Doc. 20.

[24] *See* Fed. R. Civ. P. 55(b)(2)(A)–(D) (listing potential reasons a court may need to hold a hearing on default judgment, which are not applicable in this case).

[25] Fed. R. Civ. P. 55(b).

[26] Doc. ¶11.

[27] Doc. 12 ¶17.

"occurrence."[28] Therefore, as Esurance's well-pleaded allegations establish that the Policy does not cover the event that resulted in the claims in the Underlying Lawsuit, an entry of default judgment is appropriate.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff Esurance's Motion for Default Judgment (Doc. 22) is **granted**, and that Default Judgment be entered against Defendants Christy Streeter, Justin Streeter, and Michael Dexter.

**IT IS FURTHER ORDERED** that the following declaratory relief is entered in favor of Esurance:

1. Esurance is discharged from any further liability to Christy Streeter, Justin Streeter, and Michael Dexter relating to or arising out of the Policy, and Christy Streeter, Justin Streeter, and Michael Dexter are permanently enjoined from maintaining, instituting, or prosecuting any other proceeding in any state or federal court affecting, relating to, or arising out of the Policy as the Court finds there is no coverage for Defendants' claimed loss;

2. Suicide is not an "occurrence" as defined by the Policy;

3. The minor decedent was an insured person under the Policy;

4. There is no coverage under the Policy for Defendants' claimed loss because suicide of the minor child was an intentional act of an insured person, thus barring coverage pursuant to section, "Losses We Do Not Cover Under Coverage X" of the Policy;

---

[28] Esurance also alleges that the suicide of the minor child constituted a criminal act under K.S.A. § 21-6308(1)(A) for reckless and unauthorized discharge of a firearm, which precludes coverage. Section 21-6308(1)(A) requires "Reckless and unauthorized discharge of any firearm: At a dwelling . . . in which there is a human being whether the person discharging the firearm knows or has reason to know that there is a human being present." Based on the alleged facts, the Court cannot determine whether the suicide of the minor constitutes a criminal act under this statute as Esurance does not allege, with clarity, that (1) the gun was shot recklessly, (2) at a dwelling, or (3) that a human being was present in the dwelling.

5. Esurance does not have a duty to indemnify Defendants Christy Streeter or Justin Streeter in the Underlying Lawsuit because there is no coverage for the claimed loss; and

6. Esurance does not have an obligation to pay damages sought by Michael Dexter in the Underlying Lawsuit because the Policy does not apply to the alleged event in the Underlying Lawsuit.

**IT IS SO ORDERED.**

Dated: July 22, 2019

> S/ Julie A. Robinson
> JULIE A. ROBINSON
> CHIEF UNITED STATES DISTRICT JUDGE